UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. ACEVEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-173 CAS |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Michael E. Acevedo for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and amended complaint, and will dismiss the case pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff Michael E. Acevedo brings this action seeking the removal or cancellation of various notices of tax liens. Plaintiff is also seeking reimbursement of certain social security benefits and veterans benefits which appear to have been garnished by either the Internal Revenue Service ("IRS") or the State of California Franchise Tax Board. Named as defendants are Bank of America, N.A. and the State of California Franchise Tax Board.

The allegations of the complaint and amended complaint are difficult to discern with any precision. Plaintiff appears to be contesting a tax lien imposed upon him by the State of California Franchise Tax Board and directed to Bank of America, N.A. It is unclear from his pleadings whether funds have been garnished from his bank account or if a lien has been placed on his disability paychecks from either the Social Security Administration or Veterans Administration. Plaintiff appears to be arguing that pursuant to 42 U.S.C. § 1983 his disability funds are immune from levy, attachment or garnishment, and he asserts that defendants are acting unlawfully in attaching such benefits and perhaps providing them to the State of California Franchise Tax Board.

**Discussion**

To the extent that plaintiff is seeking an order from this Court to modify the various notices of tax liens he has received from the State of California Franchise Tax Board, this Court lacks

jurisdiction to provide such an order. See 28 U.S.C. § 1341. The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain speedy and efficient remedy may be had in the court of such State." Id. The United States Supreme Court has directly addressed California's system of levying and appealing tax-related complaints and found it to be plain, speedy and efficient. California v. Grace Brethren Church, 457 U.S. 393 (1982). Consequently, federal district courts lack jurisdiction to issue injunctive and declaratory relief. Ford v. California State Bd. of Equalization, 722 F.2d 496, 498 (9th Cir. 1983). In order to appeal a decision regarding his tax liability in the State of California, plaintiff must first contact the California Board of Equalization and conform with the administrative appeals process.

Plaintiff's contentions regarding the unlawfulness of the garnishment of his federal benefits are equally without merit, and therefore are subject to dismissal. Title 42, Section 407(a) of the United States Code provides:

> The right of any person to any future payment under this subchapter [Federal Old-Age, Survivors and Disability Insurance Benefits] shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). However, 42 U.S.C. § 407(b) provides that § 407(a) may be modified by other provisions of law, so long as the modification is by "express reference to this section." Internal Revenue Code § 6334(c), 26 U.S.C. § 6334(c), provides an express reference to § 407(a), and states that notwithstanding any other law of the United States (including § 407 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made

exempt by subsection (a) of § 6334.  See 26 U.S.C. § 6334(c).  Although subsection (a) of § 6634 lists various property exempt from levy by the IRS, social security benefits are not one of them.  Accordingly, Social security benefits are subject to levy by the IRS.  See, e.g., Acevedo v. United States, 2008 WL 2098129, at *3 (E.D. Mo. May 16, 2008); United States v. Cleveland, 1994 WL 411376, at *3 (N.D. Ill. Aug. 3, 1994).  Pursuant to the these authorities, it is clear that the United States, through its agents, may garnish the plaintiff's monthly social security benefits until the plaintiff's outstanding federal income taxes and any assessed penalties are paid.  Accordingly, plaintiff's claims with respect to the garnishment of his social security benefits are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over the complaint and because plaintiff's complaint is legally frivolous.

An appropriate order of dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of April, 2013.